J-A17030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER WILEY BROWN, | |
| Appellant. | No. 1235 WDA 2017 |

Appeal from the Judgment of Sentence, June 29, 2017,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000542-2016.

BEFORE: OTT, J., KUNSELMAN, J. AND MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED AUGUST 27, 2018**

Christopher Wiley Brown appeals from the judgment of sentence, contending that the Commonwealth presented insufficient evidence at trial to establish the elements of kidnapping, kidnapping of a minor, and false imprisonment, the crimes for which a jury convicted him. Upon review of the facts and evidence as summarized from the record set forth below, we affirm.

Brown is a large, middle-aged man who lived with his disabled fiancée, Helen Barricklow, in Brownsville, Pennsylvania. In 2015, Brown befriended J.A. In early 2016, Brown hired J.A., who needed extra money, to help fix up his apartment in exchange for $500. As part of this arrangement, Brown also hired J.A.'s fifteen year old daughter, S.A., the victim in this case, to spend time with Barricklow and care for her at Brown's apartment.

On February 9, 2016, shortly after this arrangement was made, Brown asked J.A. if S.A. could stay the night and spend some time with Barricklow; he agreed. After S.A. arrived, around 10:00 p.m., she and Barricklow watched television and played games. Around 12 or 1 a.m., Barricklow went to bed; S.A. stayed in the living room where she was to sleep.

Sometime thereafter, while Barricklow was asleep in the bedroom, Brown came out of the bedroom and into the living room. He told S.A. that he was going to put metal leg shackles on her. S.A. was scared. He then put the shackles on S.A., which really frightened her and made her cry. While shackled, S.A. could not walk or run; she felt trapped in the apartment.

Brown then went back into the bedroom and came out with a box. In it were handcuffs and a ball gag. Brown cuffed S.A.'s hands behind her back. S.A. was scared and crying. He then put the ball gag in S.A.'s mouth; she could not talk. S.A. shook with fear. After about five minutes, thinking he heard someone at the door, Brown removed the cuffs and gag. He then went back into the bedroom, returning fifteen minutes later in just his boxers. Brown then took S.A.'s bare, shackled feet and rubbed his exposed privates with them for about five minutes. S.A. was frightened. He then made her grope him for two or three minutes. Brown again went back into the bedroom and did not return, leaving S.A. alone.

Eventually, S.A. managed to free herself from the shackles, called her father and told him what happened. S.A. began walking home, which was

miles from Brown's apartment, in the early hours of the morning, with J.A. meeting her half way, also on foot. J.A. immediately reported what happened to the state police.

After investigation of this incident, Brown was charged with two counts of kidnapping, 18 Pa.C.S.A. sections 2901(a)(3), (a.1)(3); false imprisonment, 18 Pa.C.S.A. section 2903(b); corruption of minors, 18 Pa.C.S.A. section 6301(a)(1)(ii); unlawful restraint, 18 Pa.C.S.A. section 2902 (b); and two counts of indecent assault, 18 Pa.C.S.A. sections 3126(a)(2), (8). On March 10, 2017, following a jury trial, Brown was convicted of all charges except unlawful restraint. On June 29, 2017, the trial court sentenced Brown to three to eight years of imprisonment. Additionally, as a Tier III sex offender, Brown was ordered to register under SORNA for life.

Brown filed a post-sentence motion, which the trial court denied on July 25, 2017. Brown now appeals and raises the following issues, challenging the sufficiency of the evidence to sustain his convictions for kidnapping, kidnapping of a minor, and false imprisonment.[1] Brown states his issues as follows:

---

[1] Brown also claimed that the verdict was against the weight of the evidence, arguing that S.A.'s "testimony was vague, inconsistent and barely audible". Appellant's Brief at 16, 18. However, Brown did not raise this issue in his post-sentence motion and is therefore waived. **See**
*(Footnote Continued Next Page)*

A. Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt of each element of the crime of kidnapping?

B. Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that the alleged victim was confined?

C. Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that the appellant intended to inflict bodily injury on or terrorize the alleged victim?

D. Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that the Appellant restrained the alleged victim unlawfully that exposed her to the risk of harm?

Appellant's Brief at 5 (excess capitalization omitted).

In reviewing a sufficiency claim, we must consider "'whether the evidence, admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt.'" ***Commonwealth v. Cash***, 137 A.3d 1262, 1269 (2016) (*quoting* ***Commonwealth v. Smith***, 985 A.2d 886, 894-95)). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). In his appeal, Brown argues that the Commonwealth failed to present sufficient evidence to establish the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.Crim.P. 607; ***Commonwealth v. Muniz***, 5 A.3d 345 (Pa. Super. 2010).

elements of kidnapping and kidnapping of a minor in support of his convictions.

The Pennsylvania Crimes Code defines the offense of kidnapping as:

*Offense defined*.—Except as provided in subsection (a.1), a person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found or if he **unlawfully confines** another for a **substantial period in a place of isolation**, with any of the following intentions:

(1)   To hold for ransom or reward, or as a shield or hostage.

(2)   To facilitate commission of any felony or flight thereafter.

(3)   To inflict bodily injury on or to terrorize the victim or another.

(4)   To interfere with the performance by public officials of any governmental or political function.

18 Pa.C.S.A. §2901(a) (emphasis added).  Kidnapping of a minor is similarly defined except that it pertains to "a person under 18 years of age".  18 Pa.C.S.A. § 2901(a.1).

Brown's sufficiency challenge is based primarily on the Commonwealth's failure to prove that he unlawfully confined S.A. for a substantial period in a place of isolation.  Appellant's Brief at 13, 19, 22-23.  Examining each element of this requirement in the context of this case, we conclude that the evidence presented at trial satisfies this requirement under the statute, and thus supports the jury's conviction of kidnapping and kidnapping of a minor.

Brown first argues that there was insufficient evidence to show that S.A. was confined.  Instead, he claims S.A.'s own testimony indicated that she

was free to go and no one told her to stop. Appellant's Brief at 20, 36. When Brown left the room, she did nothing to remove the shackles. *Id.* Her cell phone was within reach, but S.A. did not call anyone. *Id.* at 18-19. Moreover, instead of fleeing immediately, S.A. knocked on the bedroom door, said nothing to Barricklow about what happened, and asked for the $500 Brown promised to pay her father, J.A. *Id.* at 19.

Contrary to Brown's argument, the evidence unequivocally showed that Brown "confined" the victim. Brown shackled and handcuffed S.A., restricting her ability to move. He gagged her with a ball gag, preventing her from screaming or calling for help. Under such circumstances, it would be absurd to conclude otherwise. Thus, there was sufficient evidence for the jury to find that the Commonwealth established the element of confinement.

Brown further argues that the Commonwealth failed to show that the victim's confinement was unlawful because he exerted no force over S.A. Appellant's Brief at 29. That Brown was an acquaintance of J.A.'s or that S.A. was shy, does not show that he exerted force over S.A. as required under the statute. *Id.*

Confinement is "unlawful" if accomplished by force, threat or deception." 18 Pa.C.S.A. 2901(b). The trial court astutely observed:

> [Brown] is a larger than average middle-aged male adult. He was in a position of authority over her as an acquaintance of her father, and as her employer. This offense occurred privately in the early hours of the morning. Force has been interpreted to include 'moral, psychological or intellectual force' in the context of other sexual offenses, such as rape. This shy and painfully

> quiet fifteen year-old girl had no reasonable basis in her make-
> up to resist the defendant's orders.

Trial Court Statement, 1/18/18 at 3. Additionally, the evidence showed that Brown had a proclivity for bondage and dominance.

The trial court further opined that the evidence showed that Brown deceptively lured S.A. to his apartment for an overnight stay under the pretense that she was there to entertain and take care of Barricklow. **Id**. Thus, the Commonwealth presented sufficient evidence for the jury to find that the confinement of S.A. was unlawful.

Brown next argues that the Commonwealth did not establish that the confinement was for a "substantial period", pointing to the trial court's statement that "the amount of time the victim was completely restrained is not precisely determinable." Appellant's Brief at 22; Trial Court Statement, 1/18/18 at 2.

"'[S]ubstantial period' subsumes not only the exact duration of confinement, but also whether the restraint criminally increased the risk of harm to the victim." **Commonwealth v. Markman**, 916 A.2d 586, 600 (Pa. 2007). In **Markman**, the victim was left alone before she was killed. Significantly, she was also gagged with a rag, increasing the risk of harm from oxygen blockage. The Court there found these circumstances sufficient for a jury to find the victim was confined for a "substantial period". **Id**. Similarly here, S.A. was left alone at various times and gagged. Given these

circumstances, it was reasonable for the jury to conclude that the circumstances of S.A.'s confinement exposed her to the risk of injury.

Moreover, the evidence was sufficient for the jury to find that S.A. was confined long enough to constitute a "substantial period". In **Commonwealth v. Hughes**, 399 A.2d 694 (Pa. Super. 1979), where this Court sustained the conviction of kidnapping, we stated that "what is a 'substantial period' in time can depend on the mental state of the victim. The fright that can be engendered in 30 minutes can have the same debilitating effect on one person as 30 hours may have on another." **Id.** at 698. No specific amount of time is defined by the statute. At trial, S.A. testified to the various phases of this incident and the approximate amount of time she endured each one. In total, it was at least a half hour. Thus, there was sufficient evidence for the jury to find that the Commonwealth established the element of "substantial period".

Brown next argues that there was no evidence that the confinement was "in a place of isolation". Appellant's Brief at 23. S.A. came to Brown's apartment voluntarily. **Id.** at 29. Brown's fiancée was there the entire time. **Id.** at 24. Further, there is no case law to support the trial court's conclusion that because S.A. is shy and soft spoken, a place of isolation for her may be different than a place of isolation for someone who is not. **Id.** at 23.

Our Supreme Court has stated that for purposes of the Pennsylvania's kidnapping statute, a "'place of isolation' is not geographical in nature, but

contemplates the confinement of the victim where he or she is separated from the normal protections of society in a fashion that makes discovery or rescue unlikely." **Commonwealth v. Rushing**, 99 A.3d 416 (Pa. 2014). Although the events in this case took place in a location that S.A. was familiar with and had previously visited, one's own home or apartment may be regarded as a "place of isolation." **See id**. (*citing* Model Penal Code § 212.1 cmt. 3 at 224). Furthermore, while the evidence showed that Barricklow was present the entire time, Brown himself notes in his brief that the fact that other people are present does not necessarily negate the victim's isolation from the usual protections of society. Appellant's Brief at 26 (*citing* **Commonwealth v. Jenkins**, 687 A.2d 836 (Pa. Super. 1996)). Thus, even though Barricklow was in the next room, the jury could still find that S.A. was in a place of isolation. As noted by the trial court, this incident occurred privately at Brown's residence in the early hours of the morning, while most were asleep, including Barricklow, who slept in another room. Additionally, S.A. had no transportation readily available to her.

Moreover, the evidence showed that S.A. was shackled and handcuffed, making her ability to flee unlikely. S.A. was gagged, unable to speak or yell, making rescue or discovery unlikely. S.A. was separated from others, except Brown, her abuser, and at times, was left alone. These circumstances made rescue or discovery unlikely. In **Commonwealth v. Housman**, 986 A.2d 822 (Pa. 2009), the Pennsylvania Supreme Court concluded that, while the victim's confinement in the living room of her

trailer, situated in a busy trailer park in the early evening arguably preserved the usual protections of society, her binding and gagging operated to confine her in a place of isolation "separated from the normal protections of society in a manner which made discovery or rescue unlikely." *Id.* at 614. Thus, the Commonwealth presented sufficient evidence for the jury to find that the confinement occurred in a "place of isolation".

Lastly, in regards to the kidnapping convictions, Brown contends that the Commonwealth failed to establish that he intended to inflict bodily injury on or terrorize S.A.

Appellant's Brief at 30.

S.A. testified that he did not terrorize her, and she did not know if he threatened her that night. *Id.* Brown argues that there was no evidence that he inflicted any physical injury or harm upon S.A.

However, as the trial court observed, Brown intended to terrorize S.A. Trial Court Statement, 1/18/18 at 3. From S.A.'s testimony, it is evident that this was a very traumatic situation for S.A. and had a negative psychological effect on her. At trial, S.A. had difficultly retelling the events of that night during which she was scared and really frightened; she physically shook from fear and cried. The manner in which he drew his actions out, leaving her alone at times causing her to wait in anticipation of what would happen next would allow the jury to conclude that he intended to terrorize her. As noted by the Commonwealth, Brown ignores this evidence and merely focuses on a few tentative responses rather than

- 10 -

considering all the evidence. Thus, there was sufficient evidence for the jury to find that Brown intended to terrorize S.A.

Finally, in his appeal, Brown also argues that the Commonwealth failed to establish the elements of false imprisonment.[2] Appellant's Brief at 34. Specifically, he claims that the Commonwealth did not demonstrate that Brown unlawfully restrained S.A. so as to interfere with her liberty as required to convict Brown of false imprisonment. *Id.* In support of this, Brown argues that the court agreed that he did not do anything to cause injury to S.A., and therefore did not expose S.A. to a risk of harm. *Id.*

Little analysis of this issue is needed. Simply stated, given that Brown handcuffed, shackled and ball gagged S.A., the Commonwealth presented sufficient evidence for the jury to find that S.A. was restrained in a manner that interfered with her liberty.

In conclusion, having reviewed the evidence and all reasonable inferences derived therefrom in favor of the Commonwealth as the verdict

---

[2] Within this issue, Brown also seems to argue that the Commonwealth failed to prove that he exposed S.A. to a risk of harm, which is necessary to support a charge of unlawful restraint under 18 Pa.C.S.A. section 2902(b). Appellant's Brief at 34-35. However, the Commonwealth acknowledges that there was insufficient evidence to establish this offense, and therefore it is not at issue in this appeal. *Id.*; Appellee's Brief at 15. Additionally, Brown argues in passing that there was insufficient evidence to establish the offenses of indecent assault and corruption of a minor. Appellant's Brief at 36. However, these claims were not raised in Brown's statement of questions involved, and, therefore, shall not be considered. Pa.R.A.P. 2116(a).

winner, we conclude that they support the jury's finding, beyond a reasonable doubt, of all the elements of kidnapping, kidnapping of a minor, and false imprisonment to support Brown's convictions for these offenses.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2018